# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10666
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 19, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOEL LATRENT FLETCHER,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:19-CR-6-1

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Joel Latrent Fletcher appeals his guilty-plea conviction in June 2019 for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He contends that, in the light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019) (rendered while this appeal was pending), the factual basis before the district court was insufficient to support his guilty plea because it failed to establish an essential element of the offense:  that, prior to possessing the firearm

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 19-10666

charged in the indictment, Fletcher knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

Because Fletcher did not raise this issue in district court, review is only for plain error (as defendant concedes). *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Fletcher must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct such reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

Before accepting a guilty plea, the district court "must determine that there is a factual basis for the plea". Fed. R. Crim. P. 11(b)(3). To do so, "the district court must compare: (1) the conduct to which the defendant admits; and (2) the elements of the offense charged in the indictment". *Broussard*, 669 F.3d at 546 (citation omitted). The court must then verify "that the factual conduct admitted by the defendant is sufficient as a matter of law to establish a violation of the statute to which he entered his plea". *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010) (emphasis and citations omitted).

"In assessing factual sufficiency under the plain error standard, we may look beyond those facts admitted by the defendant during the plea colloquy and scan the entire record for facts supporting his conviction." *Id.* (citation omitted). In this regard, our court may consider, *inter alia*, "the factual findings relied upon in the presentence [investigation] report[,] . . . as well as fairly drawn inferences from the evidence presented both post-plea and at the sentencing hearing". *Id.* at 317 (internal quotation marks and citations omitted).

No. 19-10666

Although the plea documents and colloquy, standing alone, do not establish Fletcher's knowledge at issue, the record in its entirety shows it is at least subject to reasonable dispute that there was a sufficient factual basis to support finding Fletcher had such knowledge. There is, therefore, no plain (clear or obvious) error. *See Puckett*, 556 U.S. at 135; *United States v. Alvarado-Casas*, 715 F.3d 945, 952 (5th Cir. 2013). In any event, given the substantial benefit Fletcher received from his plea agreement (including dismissal of other substantial charges), he has failed to show any error affected his substantial rights. *See Puckett*, 556 U.S. at 135; *Alvarado-Casas*, 715 F.3d at 954–55.

AFFIRMED.